Duncan J. McCreary (SBN 225034)
MCCREARY PC
*djm@mccrearypc.com*
433 N. Camden Drive, Suite 400
Beverly Hills, California 90210
Telephone:  (424) 340-6464

Attorneys for Plaintiff
Centinela Gas Station, Inc.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

CENTINELA GAS STATION, INC.,
a California corporation

        Plaintiffs,

      vs.

AMCO INSURANCE COMPANY,
an Iowa corporation; CRUM &
FORSTER SPECIALTY
INSURANCE COMPANY, a
Delaware corporation; and DOES 1
through 20, inclusive,

        Defendants.

Case No. 2:19-cv-10805-VAP-KS

**EX PARTE APPLICATION TO
CONTINUE DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT;
DECLARATION OF KEYVAN
SHAMSHONI**

Judge:  Hon. Virginia A. Phillips
Date:    January 25, 2021
Time:   2:00 p.m.
Room:  8A

**TO THE COURT, ALL PARTIES, AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that Plaintiff **CENTINELA GAS STATION, INC.** ("Plaintiff") will move *ex parte* to the Court, pursuant to Central District of California Local Rules 7-19 and 7-19.1, for a continuance on hearing for Defendant AMCO Insurance Company's Motion for Summary Judgment on January 25, 2021 at 2:00 p.m. in Courtroom 8A of the above-entitled Court, located at 350 West First Street, Los Angeles, California 90012.

Good cause exists for the application because Plaintiff's former counsel, Glenn Rosen, failed to notify Plaintiff that he was ineligible to practice law in the State of California due to disciplinary charges. Subsequently, after Mr. Rosen became active to practice law in the State of California, he failed to notify Plaintiff of Defendant's Motion for Summary Judgment or take any action to prosecute or defend Plaintiff in this instant case. Plaintiff only learned of Defendant's Motion for Summary Judgment when Mr. Rosen sought a substitution of counsel. Therefore, good cause exhibits for the application because without a continuance from the Court, Plaintiff will be irreparably prejudiced from its inability to oppose Defendant's Motion for Summary Judgment.

Ex parte notice was given in conformity with the Local Rule 7-19.1 on January 8, 2021. Decl. of McCreary.

**EX PARTE APPLICATION TO CONTINUE DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

This *ex parte* application is based on the Declaration of Keyvan Shamshoni, the pleadings and files on record in this matter, matters judicially noticeable, and on such further oral and documentary evidence as may be presented at the time of hearing.

Dated: January 8, 2021                    MCCREARY PC


                                         */s/ Duncan McCreary*
                                         Duncan McCreary
                                         Attorney for Plaintiff
                                         Centinela Gas Station, Inc.

**EX PARTE APPLICATION TO CONTINUE DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

Plaintiff requests that the Court to continue Defendant's Motion for Summary Judgment because plaintiff's former counsel, Glenn Rosen was not eligible to practice law from January 13, 2020 to February 18, 2020.  Plaintiff counsel Glen Rosen wholly failed to inform Plaintiff of his suspension by the California State Bar at any time and failed to take any action to represent Plaintiff since the suspension. Decl. of Keyvan Shamshoni.

Subsequently, after Mr. Rosen became active to practice law in California, he failed to prosecute or defend Plaintiff in this instant case. In addition, Mr. Rosen failed to apprise Plaintiff of the pending Defendant AMCO Insurance Company's Motion for Summary Judgment.  Decl. of Keyvan Shamshoni.

After becoming aware of the Motion for Summary Judgment, Plaintiff immediately hired new counsel due to the allegations against Mr. Rosen. Decl. of Keyvan Shamshoni.

In light of the foregoing, Plaintiff respectfully request that the Court give its new counsel an opportunity to review the motion for summary judgment and oppose the motion.

Plaintiff was essentially unrepresented for the past year in this matter. Mr. Rosen failed to take any action in order to prosecute on behalf of the plaintiff or defend the plaintiff. Plaintiff only learned of Defendant's Motion for Summary Judgment when Mr. Rosen sought a substitution of counsel. Decl. of Keyvan Shamshoni.

Plaintiff has been prejudiced by the inaction of its counsel Glenn Rosen and requests that the Court grant its request for continuance and allow Plaintiff an opportunity to oppose the motion for summary judgment.

**EX PARTE APPLICATION TO CONTINUE DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

## II.  ARGUMENT

**A. GOOD CAUSE EXISTS FOR EX PARTE RELIEF BECAUSE PLAINTIFF'S FORMER COUNSEL WHOLLY FAILED TO INFORM PLAINTIFF OF HIS INABILITY TO PRACTICE LAW AND FAILED TO APPRISE THE PLAINTIFF OF PENDING DISCOVERY AND DEFENDANT'S MOTION FOR SUMMARY JUDGMENT.**

Plaintiff respectively requests the Court to grant a continuance of Defendant's Motion for Summary Judgment because good cause exists in light of the circumstances placed upon the plaintiff by its former counsel, Glenn Rosen.

"If drastic harm is threatened, then it is sufficient to show that there are close issues that justify the court's review before the party suffers the harm." *Mission Power Engineering Co. v. Continental Cas. Co.* (C.D. Cal. 1995) 883 F.Supp. 488, 492.

First, Plaintiff will be irreparably prejudiced if Defendant's Motion for Summary Judgment is not continued because Plaintiff will not have an opportunity to present an opposition before the Court. Plaintiff has been placed in such a predicament because Plaintiff was wholly unaware that its former attorney, Glen Rosen, unable to practice law in the State of California. Glenn Rosen was not eligible to practice law from January 13, 2020 to February 18, 2020.  Plaintiff counsel Glen Rosen wholly failed to inform Plaintiff of his suspension by the California State Bar at any time. Decl. of Keyvan Shamshoni.

Subsequently, after Mr. Rosen became active to practice law in California, he failed to prosecute or defend Plaintiff in this instant case.

In addition to Mr. Rosen's inaction in the litigation, Mr. Rosen also failed to apprise Plaintiff of Defendant AMCO Insurance Company's Motion for Summary Judgment. Decl. of Keyvan Shamshoni. Plaintiff only learned of Defendant's Motion for Summary Judgment when Mr. Rosen sought a substitution of counsel. After becoming aware of Defendant's Motion for Summary Judgment, Plaintiff

1  immediately hired new counsel due to the allegations against Mr. Rosen. Decl. of

2  Keyvan Shamshoni.

3      Plaintiff was essentially unrepresented for the past year in this matter. Plaintiff

4  has been prejudiced by the inaction of its former counsel Glenn Rosen and will be

5  irreparably prejudiced if the defendant's Motion for Summary Judgment is not

6  continued.

7      Second, Plaintiff is without fault, because as previously mentioned, Plaintiff

8  was unaware that its former attorney, Glenn Rosen, unable to practice law in the

9  State of California. In addition, Plaintiff was not aware of Defendant's Motion for

10  Summary Judgment. As such, Plaintiff has not had an opportunity to review and

11  prepare an opposition to Defendant's Motion for Summary Judgment.

12      Based on the aforementioned, Plaintiff's request to the Court is for a brief

13  continuance to allow Plaintiff to prepare an opposition.

14  ### III.   CONCLUSION

15      For the reason set forth herein, Plaintiff requests that the Court continue

16  Defendant's Motion for Summary Judgment in the instant lawsuit.

17

18  Dated: January 8, 2021                MCCREARY P.C.

19

20  By: */s/ Duncan McCreary*

21  Duncan J. McCreary
    Attorneys for Plaintiff

22  Centinela Gas Station, Inc.

23

24

25

26

27

28

**EX PARTE APPLICATION TO CONTINUE DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

## <u>DECLARATION OF KEYVAN SHAMSHONI</u>

I, Keyvan Shamshoni, declare as follows:

1. I am the Manager of Centinela Gas Station, Inc.

2. I have personal knowledge of the facts set forth herein. If called as a witness, I could and would competently testify to the matters stated herein.

3. Counsel for Centinela Gas Station, Inc, Glenn Rosen, failed to inform me of his suspension by the California State Bar at any point in time.

4. Mr. Rosen also failed to apprise me of the pending motion for summary judgment.

5. I only learned of Defendant's Motion for Summary Judgment when Mr. Rosen sought a substitution of counsel.

6. After becoming aware of Defendant AMCO Insurance Company's Motion for Summary Judgment, I immediately hired new counsel due to the allegations against Mr. Rosen.

7. Attached hereto as **Exhibit A** is a true and correct copy of the Bar Complaint filed against Mr. Rosen.

8. Attached hereto as **Exhibit B** is a true and correct copy of Mr. Rosen's profile on the California Bar website.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on this 8th day of January, 2021 at Los Angeles, CA.

By: _Keyvan Shamshoni_
Keyvan Shamshoni

EX PARTE APPLICATION TO CONTINUE DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

EXHIBIT A

# Public Matter

STATE BAR OF CALIFORNIA
OFFICE OF CHIEF TRIAL COUNSEL
MELANIE J. LAWRENCE, No. 230102
INTERIM CHIEF TRIAL COUNSEL
ANTHONY J. GARCIA, No. 171419
ASSISTANT CHIEF TRIAL COUNSEL
TRINIDAD OCAMPO, No. 256217
DEPUTY TRIAL COUNSEL
845 South Figueroa Street
Los Angeles, California 90017-2515
Telephone: (213) 765-1486

**FILED**

**6/18/2019**

**STATE BAR COURT**
**CLERK'S OFFICE**
**LOS ANGELES**

MK

## STATE BAR COURT

### HEARING DEPARTMENT - LOS ANGELES

|  |  |
|---|---|
| In the Matter of: | Case No. **SBC-19-O-30293** |
| GLENN TODD ROSEN, No. 156151, | NOTICE OF DISCIPLINARY CHARGES |
| A Member of the State Bar. | (OCTC Case No. 18-O-13698; 18-O-14754; 18-O-16189; 18-O-17183; 18-O-933302; 19-O-10128) |

### NOTICE - FAILURE TO RESPOND!

**IF YOU FAIL TO FILE A WRITTEN ANSWER TO THIS NOTICE WITHIN 20 DAYS AFTER SERVICE, OR IF YOU FAIL TO APPEAR AT THE STATE BAR COURT TRIAL:**

**(1) YOUR DEFAULT WILL BE ENTERED;**
**(2) YOUR STATUS WILL BE CHANGED TO INACTIVE AND YOU WILL NOT BE PERMITTED TO PRACTICE LAW;**
**(3) YOU WILL NOT BE PERMITTED TO PARTICIPATE FURTHER IN THESE PROCEEDINGS UNLESS YOU MAKE A TIMELY MOTION AND THE DEFAULT IS SET ASIDE, AND;**
**(4) YOU SHALL BE SUBJECT TO ADDITIONAL DISCIPLINE. SPECIFICALLY, IF YOU FAIL TO TIMELY MOVE TO SET ASIDE OR VACATE YOUR DEFAULT, THIS COURT WILL ENTER AN ORDER RECOMMENDING YOUR DISBARMENT WITHOUT FURTHER HEARING OR PROCEEDING. SEE RULE 5.80 ET SEQ., RULES OF PROCEDURE OF THE STATE BAR OF CALIFORNIA.**

1    The State Bar of California alleges:

2    <u>JURISDICTION</u>

3    1.  Glenn Todd Rosen ("respondent") was admitted to the practice of law in the State of

4    California on December 16, 1991, was a member at all times pertinent to these charges, and is

5    currently a member of the State Bar of California.

6    <u>COUNT 1</u>

7    Case No. 18-O-13698
Rules of Professional Conduct, former Rule 3-410

8    [Failure to Disclose Lack of Professional Liability Insurance]

9    2.  On or about January 11, 2016, respondent contracted with clients Houshang and

10    Farivesh Beroukhim ("the Beroukhims"), to pursue a property damage claim against the city of

11    Los Angeles on their behalf.

12    3.  Respondent's retainer agreement with the Beroukhims, dated January 11, 2016, did

13    not include any reference to the fact that respondent did not maintain professional liability

14    insurance at the time he was retained, in willful violation of the Rules of Professional Conduct,

15    former rule 3-410.

16    4.  In October 2017, the Beroukhims and the City of Los Angeles agreed to settle the

17    dispute for $350,000, of which $193,417.26 represented the Beroukhim's share of the settlement

18    proceeds.

19    5.  In November 2017, the Beroukhims's portion of the settlement funds was unlawfully

20    intercepted by a third-party.

21    6.  On December 11, 2017, respondent sent a written communication to the Beroukhim's

22    stating, "I regret to inform you that the Rosen Law Firm's portion of the settlement for legal fees

23    and reimbursed costs has been expended in its entirety in satisfying its financial obligations, and

24    neither it nor I have any assets nor insurance to satisfy the theft of your share of the settlement,"

25    which was the first time the Beroukhim's became aware that respondent lacked professional

26    liability insurance.

27

28

1        7.   By failing to disclose to the Beroukhims, in writing, that respondent did not have

2    professional liability insurance at the time the Beroukhims hired him, on January 11, 2016,

3    respondent willfully violated former rule 3-410 of the Rules of Professional Conduct.

### COUNT 2

Case No. 18-O-13698
Business and Professions Code, section 6068(i)
[Failure to Cooperate in State Bar Investigation]

7        8.   Respondent failed to cooperate and participate in a disciplinary investigation pending

8    against respondent by failing to provide a substantive response to the State Bar's letters of

9    August 29, 2018 and September 25, 2018, which respondent received, that requested

10   respondent's response to the allegations of misconduct being investigated in case no.18-O-

11   13698, in willful violation of Business and Professions Code, section 6068(i).

### COUNT 3

Case No. 18-O-14754
Rules of Professional Conduct, former rule 3-110(A)
[Failure to Perform with Competence]

15       9.   On or about September 6, 2017, Pedram Eliasnik employed respondent to perform

16   legal services, namely to bring a civil action against the broker and sellers of a triplex, that Mr.

17   Eliasnik purchased. Respondent intentionally, recklessly, or repeatedly failed to perform with

18   competence, in willful violation of Rules of Professional Conduct, former rule 3-110(A), by

19   failing to prepare and file a lawsuit against the broker and seller of the triplex that Mr Eliasnik

20   purchased, pursuant to their retainer agreement.

### COUNT 4

Case No. 18-O-14754
Business and Professions Code, section 6068(m)
[Failure to Respond to Client Inquiries]

24       10. Respondent failed to respond promptly to approximately five written, reasonable

25   status inquiries made by respondent's client, Pedram Eliasnik, between March 12, 2018 and June

26   19, 2018, that respondent received in a matter in which respondent had agreed to provide legal

27   services, in willful violation of Business and Professions Code, section 6068(m).

-3-

COUNT 5

Case No. 18-O-14754
Business and Professions Code, section 6106
[Moral Turpitude - Misrepresentation]

11. On or about March 14, 2018, respondent stated in writing to client Pedram Eliasnik that "your case with the mortgage broker was filed. I'm waiting for them to respond. No worries about the statute of limitations. I'll keep you posted," when respondent knew that his statements were false and misleading. Respondent thereby committed an act involving moral turpitude, dishonesty or corruption in willful violation of Business and Professions Code, section 6106.

12. A violation of section 6106 may result from intentional conduct or grossly negligent conduct. Respondent is charged with committing intentional misrepresentation. However, should the evidence at trial demonstrate that respondent committed misrepresentation as a result of gross negligence, respondent must still be found culpable of violating section 6106 because misrepresentation through gross negligence is a lesser included offense of intentional

COUNT 6

Case No. 18-O-14754
Business and Professions Code, section 6106
[Moral Turpitude - Misrepresentation]

13. On or about September 21, 2018, respondent stated in writing to State Bar Investigator Kevin Lindarto, "Please know that I have returned the $5,000 deposit to Mr. Eliasnik. If I can be of further assistance, please let me know," when respondent knew that his statement was false and misleading. Respondent thereby committed an act involving moral turpitude, dishonesty or corruption in willful violation of Business and Professions Code, section 6106.

14. A violation of section 6106 may result from intentional conduct or grossly negligent conduct. Respondent is charged with committing intentional misrepresentation. However, should the evidence at trial demonstrate that respondent committed misrepresentation as a result of gross negligence, respondent must still be found culpable of violating section 6106 because

1  misrepresentation through gross negligence is a lesser included offense of intentional

2  misrepresentation.

3  <u>COUNT 7</u>

4  Case No. 18-O-14754
   Rules of Professional Conduct, former rule 4-100(B)(3)
5  [Failure to Render Accounts of Client Funds]

6  15. On or about September 7, 2017, respondent received from respondent's client,

7  Pedram Eliasnik, the sum of $5,000 as advanced fees for legal services to be performed.

8  Respondent thereafter failed to render an appropriate accounting to the client regarding those

9  funds following the termination of respondent's employment on or about June 19, 2018, in

10  willful violation of the Rules of Professional Conduct, former rule 4-100(B)(3).

11  <u>COUNT 8</u>

12  Case No. 18-O-14754
   Rules of Professional Conduct, former rule 3-700(D)(2)
13  [Failure to Refund Unearned Fees]

14  16. On or about September 7, 2017 respondent received advanced fees of $5,000 from a

15  client, Pedram Eliasnik, for legal services that included filing a lawsuit against the broker and

16  seller of a triplex that Mr. Eliasnik purchased.  Respondent failed to bring any action against the

17  broker and seller of the triplex, or perform any legal services for the client, and therefore earned

18  none of the advanced fees paid.  Respondent failed to return promptly, upon respondent's

19  termination of employment on or about June 19, 2018, any part of the $5,000 fee to the client, in

20  willful violation of the Rules of Professional Conduct, former rule 3-700(D)(2).

21  <u>COUNT 9</u>

22  Case No. 18-O-14754
   Business and Professions Code, section 6068(i)
23  [Failure to Cooperate in State Bar Investigation]

24  17. Respondent failed to cooperate and participate in a disciplinary investigation pending

25  against respondent by failing to provide a substantive response to the State Bar's letters dated

26  August 22, 2018 and September 7, 2018, and e-mail communications on September 23, 2018 and

27  October 1, 2018, which respondent received, that requested respondent's response to the

28

1    allegations of misconduct being investigated in case no.18-O-14754, in willful violation of

2    Business and Professions Code, section 6068(i).

3                                        COUNT 10

4                                   Case No. 18-O-16189
                          Rules of Professional Conduct, former rule 3-110(A)
5                               [Failure to Perform with Competence]

6           18. On or about March 22, 2018, Temporary Placement Solutions, LLC dba TPS

7    Housing, through Housing Specialist Amy Kuhlman, employed respondent to perform legal

8    services, that included providing advice, counsel and representation with regard to TPS

9    Housing's contractual needs, which respondent intentionally, recklessly, or repeatedly failed to

10   perform with competence, in willful violation of Rules of Professional Conduct, former rule 3-

11   110(A), by failing to provide any legal services of value to TPS Housing.

12                                       COUNT 11

13                                  Case No. 18-O-16189
                          Business and Professions Code, section 6068(m)
14                              [Failure to Respond to Client Inquiries]

15          19. Respondent failed to respond promptly to eight written, reasonable status inquiries

16   made by respondent's client, TPS Housing, between May 24, 2018 and July 11, 2018, that

17   respondent received in a matter in which respondent had agreed to provide legal services, in

18   willful violation of Business and Professions Code, section 6068(m).

19                                       COUNT 12

20                                  Case No. 18-O-16189
                          Rules of Professional Conduct, former rule 4-100(B)(3)
21                              [Failure to Render Accounts of Client Funds]

22          20. On or about April 2, 2018, respondent received from respondent's client, TPS

23   Housing, the sum of $2,500 as advanced fees for legal services to be performed.  Respondent

24   thereafter failed to render an appropriate accounting to the client regarding those funds following

25   the termination of respondent's employment on or about August 22, 2018, in willful violation of

26   the Rules of Professional Conduct, former rule 4-100(B)(3).

27   //

28
                                            -6-

COUNT 13

Case No. 18-O-16189
Rules of Professional Conduct, former rule 3-700(D)(2)
[Failure to Refund Unearned Fees]

21. On or about April 2, 2018 respondent received advanced fees of $2,500 from client, TPS Housing, representing an initial deposit.  Respondent failed to provide counsel, advice and representation with regard to client's contractual needs, or perform any legal services for the client, and therefore earned none of the advanced fees paid.  Respondent failed to return promptly, upon respondent's termination of employment on or about August 22, 2018, any part of the $2,500 fee to the client, in willful violation of the Rules of Professional Conduct, former rule 3-700(D)(2).

COUNT 14

Case No. 18-O-16189
Business and Professions Code, section 6068(i)
[Failure to Cooperate in State Bar Investigation]

22. Respondent failed to cooperate and participate in a disciplinary investigation pending against respondent by failing to provide a substantive response to the State Bar's letters of October 15, 2018 and October 31, 2018, which respondent received, that requested respondent's response to the allegations of misconduct being investigated in case no.18-O-17183, in willful violation of Business and Professions Code, section 6068(i).

COUNT 15

Case No. 18-O-17183
Rules of Professional Conduct, former rule 3-110(A)
[Failure to Perform with Competence]

23. On or about February 5, 2018, Farshad Farzan, the owner of Intelligent Measurement, Inc., hired respondent to perform legal services, namely to pursue claims against Rony Atallah aka Four R Machine Shop aka R Smog, for breach of lease and related damages, which respondent intentionally, recklessly, or repeatedly failed to perform with competence, in willful violation of Rules of Professional Conduct, former rule 3-110(A), by failing to provide any legal services of value.

COUNT 16

Case No. 18-O-17183
Business and Professions Code, section 6068(m)
[Failure to Respond to Client Inquiries]

24. Respondent failed to respond promptly to four telephonic and three written, reasonable status inquiries made by respondent's client, Farshad Farzan, between May 2, 2018 and July 23, 2018, that respondent received in a matter in which respondent had agreed to provide legal services, in willful violation of Business and Professions Code, section 6068(m).

COUNT 17

Case No. 18-O-17183
Rules of Professional Conduct, rule 1.15(d)(4)
[Failure to Render Accounts of Client Funds]

25. On or about February 5, 2018, respondent received from respondent's client, Farshad Farzan owner of Intelligent Measurement, Inc., the sum of $1,500 as advanced fees for legal services to be performed.  Respondent thereafter failed to render an appropriate accounting to the client regarding those funds following the termination of respondent's employment on or about November 8, 2018, in willful violation of the Rules of Professional Conduct, rule 1.15(d)(4).

COUNT 18

Case No. 18-O-17183
Rules of Professional Conduct, rule 1.15(d)(7)
[Failure to Refund Unearned Fees]

26. On or about February 5, 2018, respondent received advanced fees of $1,500 from client, Farshad Farzan owner of Intelligent Measurement, Inc. Respondent failed to pursue claims against Rony Atallah aka Four R Machine Shop aka R Smog for breach of lease and damages related to client's real property, or perform any legal services for the client, and therefore earned none of the advanced fees paid.  Respondent failed to return promptly, upon respondent's termination of employment on or about November 8, 2018, any part of the $1,500 fee to the client, in willful violation of the Rules of Professional Conduct, rule 1.15(d)(7).

//

//

## COUNT 19

Case No. 18-O-17183
Rules of Professional Conduct, rule 1.16(e)(1)
[Failure to Release File]

27. Respondent failed to promptly release, after termination of respondent's employment on or about November 8, 2018, to respondent's client, Farshad Farzan, owner of Intelligent Measurement, Inc., all of the client's papers and property following the client's request for the client's file on November 8, 2018, in willful violation of the Rules of Professional Conduct, rule 1.16(e)(1).

## COUNT 20

Case No. 18-O-17183
Business and Professions Code, section 6068(i)
[Failure to Cooperate in State Bar Investigation]

28. Respondent failed to cooperate and participate in a disciplinary investigation pending against respondent by failing to provide a substantive response to the State Bar's letters of November 29, 2018 and December 14, 2018, which respondent received, that requested respondent's response to the allegations of misconduct being investigated in case no.18-O-16189, in willful violation of Business and Professions Code, section 6068(i).

## COUNT 21

Case No. 18-O-933302
Rules of Professional Conduct, rule 1.15(a)
[Failure to Maintain Funds and Property of Client in Trust]

29. On or about November 13, 2018, respondent received on behalf of respondent's client, Teresa Gutierrez, advanced fees of $10,000. Respondent failed to deposit and maintain the advanced funds received from Ms. Gutierrez, in his trust account, in willful violation of the Rules of Professional Conduct, rule 1.15(a).

//

//

//

//

-9-

1

COUNT 22

2

Case No. 18-O-933302<br>Rules of Professional Conduct, rule 1.1<br>[Failure to Perform with Competence]

3

4       30. On or about November 13, 2018, Teresa Gutierrez employed respondent to perform

5   legal services, namely resolve pending disputes with PCH Treatment Center and JY Properties,

6   LLC, which respondent intentionally, recklessly, or repeatedly failed to perform with

7   competence, in willful violation of Rules of Professional Conduct, rule 1.1 by failing to provide

8   any services of value to Ms. Gutierrez.

9

COUNT 23

10

Case No. 18-O-933302<br>Business and Professions Code, section 6068(m)<br>[Failure to Respond to Client Inquiries]

11

12      31. Respondent failed to respond promptly to approximately fifteen written, reasonable

13  status inquiries made by respondent's client, Teresa Gutierrez, and her daughter, Sofia Gutierrez,

14  between December 7, 2018 through March 1, 2019, that respondent received in a matter in which

15  respondent had agreed to provide legal services, in willful violation of Business and Professions

16  Code, section 6068(m).

17

COUNT 24

18

Case No. 18-O-933302<br>Business and Professions Code, section 6106<br>[Moral Turpitude - Misrepresentation]

19

20      32. On or about January 10, 2019, respondent stated in writing to Sofia Gutierrez that "I

21  am writing to let you know that status of the two projects for which I was hired by your mother

22  on behalf of your sister, Bella. With regard to PCH, I have, on several occasions now spoke with

23  Thomas Clifford, the admissions coordinator with PCH," when respondent knew the statement

24  was false and misleading.  Respondent thereby committed an act involving moral turpitude,

25  dishonesty or corruption in willful violation of Business and Professions Code, section 6106.

26      33. A violation of section 6106 may result from intentional conduct or grossly negligent

27  conduct.  Respondent is charged with committing intentional misrepresentation.  However,

28

-10-

should the evidence at trial demonstrate that respondent committed misrepresentation as a result of gross negligence, respondent must still be found culpable of violating section 6106 because misrepresentation through gross negligence is a lesser included offense of intentional misrepresentation.

## COUNT 25

Case No. 18-O-933302
Business and Professions Code, section 6106
[Moral Turpitude - Misrepresentation]

34. On or about January 10, 2019, respondent stated in writing to Sofia Gutierrez, "I have spoken with Joseph Yadegar, the chief representative of JY Properties, LLC ...Mr. Yadegar is not inclined to merely let Bella out of her lease," when respondent knew that this statement was false and misleading.  Respondent thereby committed an act involving moral turpitude, dishonesty or corruption in willful violation of Business and Professions Code, section 6106.

35. A violation of section 6106 may result from intentional conduct or grossly negligent conduct.  Respondent is charged with committing intentional misrepresentation.  However, should the evidence at trial demonstrate that respondent committed misrepresentation as a result of gross negligence, respondent must still be found culpable of violating section 6106 because misrepresentation through gross negligence is a lesser included offense of intentional misrepresentation.

## COUNT 26

Case No. 18-O-933302
Rules of Professional Conduct, rule 1.15(d)(4)
[Failure to Render Accounts of Client Funds]

36. On or about November 13, 2018, respondent received from respondent's client, Teresa Gutierrez, the sum of $10,000 as advanced fees for legal services to be performed. Respondent thereafter failed to render an appropriate accounting to the client regarding those funds following the termination of respondent's employment on or about December 17, 2018, in willful violation of the Rules of Professional Conduct, rule 1.15(d)(4).

//

-11-

COUNT 27

Case No. 18-O-933302
Rules of Professional Conduct, rule 1.16(e)(2)
[Failure to Refund Unearned Fees]

37. On or about November 13, 2018 respondent received advanced fees of $10,000 from a client, Teresa Gutierrez. Respondent failed to perform any legal services for the client, and therefore earned none of the advanced fees paid. Respondent failed to return promptly, upon respondent's termination of employment on or about December 17, 2018 any part of the $10,000 fee to the client, in willful violation of the Rules of Professional Conduct, rule 1.16(e)(2).

COUNT 28

Case No. 18-O-933302
Business and Professions Code, section 6068(i)
[Failure to Cooperate in State Bar Investigation]

38. Respondent failed to cooperate and participate in a disciplinary investigation pending against respondent by failing to provide a substantive response to the State Bar's letters of March 12, 2019 and March 27, 2019, which respondent received, that requested respondent's response to the allegations of misconduct being investigated in case no.18-O-933302, in willful violation of Business and Professions Code, section 6068(i).

COUNT 29

Case No. 19-O-10128
Rules of Professional Conduct, Rule 1.1
[Failure to Perform with Competence]

39. On or about November 18, 2016, Rosalie Rains employed respondent to perform legal services, namely to pursue claims against Ms. Rains' property insurer, Allstate Insurance, which respondent intentionally, recklessly, or repeatedly failed to perform with competence, in willful violation of Rules of Professional Conduct, rule 1.1, by failing to timely file an Opening Brief on or before November 23, 2018, resulting in the dismissal of the appeal and the underlying action brought by Ms. Rains against All State Insurance.

//

## COUNT 30

Case No. 19-O-10128
Business and Professions Code, section 6106
[Moral Turpitude - Misrepresentation]

40. On or about December 11, 2018, respondent stated in writing to Rosalie Rains that "The brief is being filed tomorrow and I will send you a copy. There is no cause for alarm," when respondent knew that statement was false and misleading. Respondent thereby committed an act involving moral turpitude, dishonesty or corruption in willful violation of Business and Professions Code, section 6106.

41. A violation of section 6106 may result from intentional conduct or grossly negligent conduct. Respondent is charged with committing intentional misrepresentation. However, should the evidence at trial demonstrate that respondent committed misrepresentation as a result of gross negligence, respondent must still be found culpable of violating section 6106 because misrepresentation through gross negligence is a lesser included offense of intentional misrepresentation.

## COUNT 31

Case No. 19-O-10128
Business and Professions Code, section 6106
[Moral Turpitude - Misrepresentation]

42. On or about December 14, 2018, respondent stated in writing to Rosalie Rains, "I will get the case revived. I am confident. The brief will be accepted and we will move on," when respondent knew that statement was false and misleading. Respondent thereby committed an act involving moral turpitude, dishonesty or corruption in willful violation of Business and Professions Code, section 6106.

43. A violation of section 6106 may result from intentional conduct or grossly negligent conduct. Respondent is charged with committing intentional misrepresentation. However, should the evidence at trial demonstrate that respondent committed misrepresentation as a result of gross negligence, respondent must still be found culpable of violating section 6106 because

1  misrepresentation through gross negligence is a lesser included offense of intentional

2  misrepresentation.

### COUNT 32

Case No. 19-O-10128
Business and Professions Code, section 6068(i)
[Failure to Cooperate in State Bar Investigation]

44. Respondent failed to cooperate and participate in a disciplinary investigation pending against respondent by failing to provide a substantive response to the State Bar's letters of May 6, 2019 and May 22, 2019, which respondent received, that requested respondent's response to the allegations of misconduct being investigated in case no.19-O-10128, in willful violation of Business and Professions Code, section 6068(i).

### NOTICE - INACTIVE ENROLLMENT!

**YOU ARE HEREBY FURTHER NOTIFIED THAT IF THE STATE BAR COURT FINDS, PURSUANT TO BUSINESS AND PROFESSIONS CODE SECTION 6007(c), THAT YOUR CONDUCT POSES A SUBSTANTIAL THREAT OF HARM TO THE INTERESTS OF YOUR CLIENTS OR TO THE PUBLIC, YOU MAY BE INVOLUNTARILY ENROLLED AS AN INACTIVE MEMBER OF THE STATE BAR.  YOUR INACTIVE ENROLLMENT WOULD BE IN ADDITION TO ANY DISCIPLINE RECOMMENDED BY THE COURT.**

### NOTICE - COST ASSESSMENT!

**IN THE EVENT THESE PROCEDURES RESULT IN PUBLIC DISCIPLINE, YOU MAY BE SUBJECT TO THE PAYMENT OF COSTS INCURRED BY THE STATE BAR IN THE INVESTIGATION, HEARING AND REVIEW OF THIS MATTER PURSUANT TO BUSINESS AND PROFESSIONS CODE SECTION 6086.10.**

Respectfully submitted,

THE STATE BAR OF CALIFORNIA
OFFICE OF CHIEF TRIAL COUNSEL

DATED:  June 18, 2019               By: _____
                                       Trinidad Ocampo
                                       Deputy Trial Counsel

-14-

# DECLARATION OF SERVICE
by
U.S. FIRST-CLASS MAIL / U.S. CERTIFIED MAIL / OVERNIGHT DELIVERY / FACSIMILE–ELECTRONIC TRANSMISSION

**CASE NUMBER(s): 18-O-13698, 18-O-14754, 18-O-16189, 18-O-17183, 18-O-933302, 19-O-10128**

I, the undersigned, am over the age of eighteen (18) years and not a party to the within action, whose business address and place of employment is the State Bar of California, 845 South Figueroa Street, Los Angeles, California 90017, declare that:

- on the date shown below, I caused to be served a true copy of the within document described as follows:

## NOTICE OF DISCIPLINARY CHARGES

☒ **By U.S. First-Class Mail: (CCP §§ 1013 and 1013(a))**
 - in accordance with the practice of the State Bar of California for collection and processing of mail, I deposited or placed for collection and mailing in the City and County
 - of Los Angeles.

☒ **By U.S. Certified Mail: (CCP §§ 1013 and 1013(a))**

☐ **By Overnight Delivery: (CCP §§ 1013(c) and 1013(d))**
 - I am readily familiar with the State Bar of California's practice for collection and processing of correspondence for overnight delivery by the United Parcel Service (UPS).

☐ **By Fax Transmission: (CCP §§ 1013(e) and 1013(f))**
Based on agreement of the parties to accept service by fax transmission, I faxed the documents to the persons at the fax numbers listed herein below.  No error was reported by the fax machine that I used.  The original record of the fax transmission is retained on file and available upon request.

☐ **By Electronic Service: (CCP § 1010.6)**
Based on a court order or an agreement of the parties to accept service by electronic transmission, I caused the documents to be sent to the person(s) at the electronic addresses listed herein below. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

☒ *(for U.S. First-Class Mail)* in a sealed envelope placed for collection and mailing at Los Angeles, addressed to:  *(see below)*

☒ *(for Certified Mail)* in a sealed envelope placed for collection and mailing as certified mail, return receipt requested,
Article No.:         9414 7266 9904 2111 0110 79          at Los Angeles, addressed to: *(see below)*

☐ *(for Overnight Delivery)* together with a copy of this declaration, in an envelope, or package designated by UPS,
Tracking No.:                                      addressed to: *(see below)*

| Person Served | Business-Residential Address | Fax Number | Courtesy Copy to: |
|---|---|---|---|
| Glenn T. Rosen | Rosen Law Firm, APC<br>149 S Barrington Ave. # 207<br>Los Angeles, CA 90049-3310 | **Electronic Address** | |

☐ **via inter-office mail regularly processed and maintained by the State Bar of California addressed to:**

**N/A**

I am readily familiar with the State Bar of California's practice for collection and processing of correspondence for mailing with the United States Postal Service, and overnight delivery by the United Parcel Service (UPS).  In the ordinary course of the State Bar of California's practice, correspondence collected and processed by the State Bar of California would be deposited with the United States Postal Service that same day, and for overnight delivery, deposited with delivery fees paid or provided for, with UPS that same day.

I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date on the envelope or package is more than one day after date of deposit for mailing contained in the affidavit.

I declare under penalty of perjury, under the laws of the State of California, that the foregoing is true and correct.  Executed at Los Angeles, California, on the date shown below.

DATED:  June 18, 2019

SIGNED: *Genelle De Luca-Suarez*
Genelle De Luca-Suarez
Declarant

EXHIBIT B


### The State Bar *of California*

---

**CONSUMER ALERT**

The State Bar of California has filed disciplinary charges against this licensee, alleging that the licensee engaged in a major misappropriation of client funds. You may read the Notice of Disciplinary Charges filed by the State Bar against the licensee, and any Response filed by the licensee on the State Bar Court Smart Search. You may also learn more about the general nature of misappropriation of client funds. This alert is based on the following case(s):

- SBC-19-O-30525 (Copy/Paste this number into the State Bar Court Portal)

**DISCLAIMER:** Any Notice of Disciplinary Charges filed by the State Bar contains only allegations of professional misconduct. The licensee is presumed to be innocent of any misconduct warranting discipline until the charges have been proven.

---

**Glenn Todd Rosen #156151**

**License Status: Active**

Address: Rosen Law Firm, APC, 149 S Barrington Ave, # 207, Los Angeles, CA 90049-3310

County: Los Angeles County

Phone Number: (818) 618-2321

Fax Number: Not Available

Email: Glenn@rosenlawfirm.info

Law School: McGeorge SOL Univ of the Pacific; CA

**Below you will find all changes of license status due to both non-disciplinary administrative matters and disciplinary actions.**

| Date | License Status | Discipline | Administrative Action |
|------|----------------|------------|-----------------------|
| Present | Active | | |
| 2/18/2020 | Active | | |
| 1/13/2020 | Not Eligible To Practice Law in California | Ordered inactive 19-O-30293 | |
| 10/7/2019 | | Disciplinary charges filed in State Bar Court 19-O-30523 | |
| 6/18/2019 | | Disciplinary charges filed in State Bar Court 19-O-30293 | |
| 12/16/1991 | Admitted to The State Bar of California | | |

**State Bar Court Cases**

**The listing below is partial, as the State Bar Court is transitioning to online dockets. Please refer to the License Status, Disciplinary and Administrative History section above for a record of discipline cases. Case dockets and documents may be available using the State Bar Court Search for a Case feature.**

| Effective Date | Case Number | Description |
|----------------|-------------|-------------|
| Pending | 19-O-30293 | Initiating Document [PDF] |

**Additional Information:**

- Explanation of licensee status
- Explanation of disciplinary system
- Explanation of disciplinary actions
- Copies of official licensee discipline records are available upon request

*The State Bar Court began posting public discipline* <u>documents</u> *online in 2005. Copies of additional documents in a case are* <u>available upon request</u>.

*On May 31, 2019, the State Bar Court launched online case dockets. If a case was open or filed on or after Feb 7, 2019, documents are being added online as events occur, and can be accessed with the new* <u>Search for a Case</u> *feature.*

*To search for a case filed on or after Feb. 7, 2019, please copy the case number displayed above, click the button below, and add the prefix SBC to the case number, e.g. SBC[CASE NUMBER].*

Search for a Case

Older case records are <u>available on request</u>.

**NOTE:** *Only Published Opinions may be cited or relied on as precedent in State Bar Court proceedings. For further information about a case that is displayed here, please refer to the State Bar Court's online docket (Search for a Case).*

**DISCLAIMER:** *Any posted Notice of Disciplinary Charges, Conviction Transmittal or other initiating document, contains only allegations of professional misconduct. The licensee is presumed to be innocent of any misconduct warranting discipline until the charges have been proven.*

---

CLA Sections:                     None
California Lawyers Association (CLA) is an independent organization and is not part of The State Bar of California.

© 2020 The State Bar of California

## DECLARATION OF DUNCAN J. MCCREARY

I, Duncan J. McCreary, declare as follows:

1. I am the counsel of record for Centinela Gas Station, Inc.

2. I have personal knowledge of the facts set forth herein. If called as a witness, I could and would competently testify to the matters stated herein.

3. I was contacted by Plaintiff's former counsel, Glenn Rosen, on or around December 14, 2020, requesting me to execute the Request for Approval of Substitution or Withdrawal of Counsel.

4. I was advised on or around December 14, 2020 that Defendant AMCO Insurance Company filed a Motion for Summary Judgment.

5. On or around January 4, 2021, I was substituted in as counsel for the plaintiff.

6. On January 8, 2021 at approximately 10:31 a.m., my office notified lead counsel for both defendants, AMCO Insurance Company and Crum and Foster Specialty Insurance Company that Plaintiff, Centinela Gas Station, Inc. would be seeking a continuance of the hearing on the Motion for Summary Judgment due to the recent substitution of counsel in order to review the motion for summary judgment and oppose the motion.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on this 8th day of January, 2021 at Los Angeles, CA.

By: _/s/ Duncan J. McCreary_
Duncan J. McCreary

-8-

EX PARTE APPLICATION TO CONTINUE DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

## PROOF OF SERVICE

### STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Los Angeles, State of California. My business address is 433 N. Camden Drive, Suite 400, Beverly Hills, California 90210.

On **January 8, 2021**, I served true copies of the following document(s) described as **EX PARTE APPLICATION TO CONTINUE DEFENDANT'S MOTION FOR SUMMARY JUDGMENT; DECLARATION OF KEYVAN SHAMSHONI** on the interested parties in this action as follows:

| | |
|---|---|
| Jessica L Meyer | Michael W Goodin |
| Gordon Rees Scully Mansukhani LLP | Clausen Miller PC |
| 101 West Broadway Suite 2000 | 17901 Von Karman Suite 650 |
| San Diego, CA 92101 | Irvine, CA 92614 |
| 619-230-7492 | 949-260-3100 |
| Fax: 619-696-7124 | Fax: 949 260 3190 |
| Email: jlmeyer@grsm.com | Email: mgoodin@clausen.com |

**( ) BY REGULAR U.S. MAIL:** I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice, it would be deposited with the U.S. Postal Service on the same day with postage thereon fully prepaid at Los Angeles, California, in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation or postage meter date is more than one day after date of deposit for mailing in affidavit.

**(X) BY ECF SERVICE:** I delivered such envelope by hand to the offices of the addressee(s).

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on **January 8, 2021**, at Los Angeles, California.

By:  /s/ Duncan J. McCreary
　　　Duncan J. McCreary

-9-